Withers J.
delivered the opinion of the Court.
The motion in this case was below, and is here for a non-suit, and necessarily proceeds upon the assumption that there was no evidence that the defendant had been ‘'cleared” (to use his own language) from liability in character of surety to the plaintiff upon the bond to the Ordinary, in which the defendant had joined as surety; and we regard the real question to be, whether the Ordinary can extinguish a bond which has been executed to him lor the purchase money of land sold by him for partition; for if he can extinguish it at all, the jury determined that in this case he had in fact done so; and there was evidence enough adduced by the plaintiff to carry that question before them. There is wide distinction between a bond of this description, which is one for the payment of money, and securities executed to the Ordinary by those in a trust, capacity, as administrators and guardians, requiring an account from time to time touching the management of trust funds, and the payment of them ultimately to other persons. In holding, therefore, as we do, that with regard to the bond in question the Ordinary might extinguish it, wc do not in any degree infringe upon that class of cases that relate to the bonds of trustees, of which the Ordinary in Bingham & Hudson, (2 Hill, 512.) is one. It cannot be questioned, that the Ordinary, who receives a bond for the payment of the purchase money of lands directed by him to be sold for partition, may collect the money, and thus discharge the bond: or he may, for aught that appears-to the Court, throw the instrument into the fire; and if he may do the one or the other, it is not perceived why he may not receive satisfaction for it in another bond, in a bill of exchange, or in any manner by which such a debt is extin-guishablc, as between other parties. Suppose a mortgage had been executed by the defendant to secure the debt (and such a security might have been required under the act,) what should restrain the Ordinary from extinguishing that instrument?
So far as the argument ab inconvenienti, or upon the policy that looks to the ultimate forthcoming of the money for those *422 entitled, has any force at all, it does not seem adverse to the view herein submitted; for it may well be held, that the action of the Ordinary in the present instance operates to add to the bond which he has substituted for that taken by the sheriff, the cumulative security oí his own official bond. As already suggested, the verdict of the jury must be considered as affirming the fact, that the second was taken in discharge of the first bond, which, if sued at all against the defendant, would be sued in the name of the Ordinary who would not be able to avoid the consequences of his own act when properly pleaded by the defendant.
The motion is refused.
Richardson J., Evans J., and Wardt.aw J., concurred.
Frost J. dissented.